UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

THOMAS J. LANCASTER,

                                        Petitioner,
                                                                9:19-CV-0583
v.                                                              (GTS/DJS)

R. COVENY, Superintendent,

                                        Respondent.
_____

APPEARANCES:                                    OF COUNSEL:

THOMAS J. LANCASTER, 13-B-0805
    Petitioner, *Pro Se*
Sullivan Correctional Facility
Box 116
Fallsburg, New York 12733

HON. LETITIA A. JAMES                           JAMES FOSTER GIBBONS, ESQ.
Attorney General for the State of New York      Assistant Attorney General
    Counsel for Respondent
28 Liberty Street
New York, New York 10005

GLENN T. SUDDABY, United States District Judge

## DECISION and ORDER

        Thomas J. Lancaster ("Petitioner") filed his petition for a writ of *habeas corpus* pursuant

to 28 U.S.C. § 2254 on April 2, 2019.  (Dkt. No. 1.)  By Report-Recommendation dated May

19, 2023, the Honorable Daniel J. Stewart, United States Magistrate Judge, recommended that

the Petition be denied and dismissed pursuant to 28 U.S.C. § 2253(c)(2), and that a certificate of

appealability not issue.  (Dkt. No. 26.)  On June 2, 2023, Petitioner filed an Objection to the

Report-Recommendation; and on June 22, 2023, after a brief extension of time in which to do so,

Respondent filed a Response to Petitioner's Objection.  (Dkt. Nos. 27, 30.)  For the reasons set

forth below, Magistrate Judge Stewart's Report-Recommendation is accepted and adopted in its

entirety, the Petition is denied and dismissed, and a certificate of appealability shall not issue.

## I. GOVERNING LEGAL STANDARD

When a *specific* objection is made to a portion of a magistrate judge's

report-recommendation, the Court subjects that portion of the report-recommendation to a *de

novo* review. Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1)(C). To be "specific," the objection

must, with particularity, "identify [1] the portions of the proposed findings, recommendations, or

report to  which it has an objection and [2] the basis for the objection." N.D.N.Y. L.R. 72.1(C).[1]

When performing such a *de novo* review, "[t]he judge may . . . receive further evidence. . . ." 28

U.S.C. § 636(b)(1). However, a district court will ordinarily refuse to consider evidentiary

material that could have been, but was not, presented to the magistrate judge in the first instance.[2]

---

[1]    *See also Mario v. P&C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Although Mario filed objections to the magistrate's report and recommendation, the statement with respect to his Title VII claim was not specific enough to preserve this claim for review. The only reference made to the Title VII claim was one sentence on the last page of his objections, where he stated that it was error to deny his motion on the Title VII claim '[f]or the reasons set forth in Plaintiff's Memorandum of Law in Support of Motion for Partial Summary Judgment.' This bare statement, devoid of any reference to specific findings or recommendations to which he objected and why, and unsupported by legal authority, was not sufficient to preserve the Title VII claim.").

[2]    *See Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters*, 894 F.2d 36, 40, n.3 (2d Cir. 1990) (finding that district court did not abuse its discretion in denying plaintiff's request to present additional testimony where plaintiff "offered no justification for not offering the testimony at the hearing before the magistrate"); *cf. U. S. v. Raddatz*, 447 U.S. 667, 676, n.3 (1980) ("We conclude that to construe § 636(b)(1) to require the district court to conduct a second hearing whenever either party objected to the magistrate's credibility findings would largely frustrate the plain objective of Congress to alleviate the increasing congestion of litigation in the district courts."); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition ("The term 'de novo' does not indicate that a

Similarly, a district court will ordinarily refuse to consider argument that could have been, but was not, presented to the magistrate judge in the first instance. *See Zhao v. State Univ. of N.Y.*, 04-CV-0210, 2011 WL 3610717, at *1 (E.D.N.Y. Aug. 15, 2011) ("[I]t is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.") (internal quotation marks and citation omitted); *Hubbard v. Kelley*, 752 F. Supp.2d 311, 312-13 (W.D.N.Y. 2009) ("In this circuit, it is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.") (internal quotation marks omitted).

When only a *general* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review.  Fed. R. Civ. P. 72(b)(2),(3); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition; *see also Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *2-3(N.D.N.Y. Sept. 22, 1997) (Pooler, J.) [collecting cases], *aff'd without opinion*, 175 F.3d 1007(2d Cir. 1999). Similarly, when an objection merely reiterates the *same arguments* made by the objecting party in its original papers submitted to the magistrate judge, the Court subjects that portion of the report-recommendation challenged by those arguments to only a *clear error* review.[3]  Finally,

--------

secondary evidentiary hearing is required.").

--------

[3]    *See Mario*, 313 F.3d at 766 ("Merely referring the court to previously filed papers or arguments does not constitute an adequate objection under either Fed. R. Civ. P. 72(b) or Local Civil Rule 72.3(a)(3)."); *Camardo v. Gen. Motors Hourly-Rate Emp. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992) (explaining that court need not consider objections that merely constitute a "rehashing" of the same arguments and positions taken in original papers submitted to the magistrate judge); *accord, Praileau v. Cnty. of Schenectady*, 09-CV-0924, 2010 WL 3761902, at *1, n.1 (N.D.N.Y. Sept. 20, 2010) (McAvoy, J.); *Hickman ex rel. M.A.H. v. Astrue*,

when *no* objection is made to a portion of a report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review. Fed. R. Civ. P.72(b), Advisory Committee Notes: 1983 Addition. When performing such a "clear error"review, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Id*.[4]

After conducting the appropriate review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

## II.    ANALYSIS

Even when construed with the utmost of special leniency, Petitioner's Objections merely repeat argument asserted in his Petition and Traverse.  (*Compare* Dkt. No. 27 at 1-4 [Pet.'s Obj., asserting purportedly "specific" challenges regarding his illegal-search claim, juror-discharge claims, and legal-insufficiency claim, and repeatedly relying his "12-2019 brief," i.e., his Traverse] *with* Dkt. No.  1, at 19-24, 26-27, 32 [Pet.'s Petition, asserting same three arguments] *and* Dkt. No. 23, at 22-30 [Pet.'s Traverse, asserting same three arguments].)[5]  As a result, the

---

07-CV-1077, 2010 WL 2985968, at *3 & n.3 (N.D.N.Y. July 27, 2010) (Mordue, C.J.); *Almonte v. N.Y.S. Div. of Parole*, 04-CV-0484, 2006 WL 149049, at *4 (N.D.N.Y. Jan. 18, 2006) (Sharpe, J.).

[4]    *See also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks and citations omitted).

[5]    The Court notes that, while Petitioner's fourth challenge is to certain factual assertions in the Report-Recommendation (Dkt. No. 27, at 3-4 [Pet.'s Obj.]), that challenge (in addition to lacking merit) fails to identify any portion of the Report-Recommendation that is actually undermined by the purported factual inaccuracies, rendering it non-specific. *See, supra,* Part I of this Decision and Order.

"challenged" portions of the Report-Recommendation warrant only a clear-error review. *See, supra,* Part I of this Decision and Order.

After carefully considering the matter, the Court finds that those portions of the Report-Recommendation (like the remaining portions of it) survive that clear-error review for the reasons stated in the Report-Recommendation. (Dkt. No. 26, at 12-25, 31-39 [Report-Recommendation].) For example, the Court finds that Magistrate Judge Stewart expressly considered and rejected Petitioner's challenge that the Appellate Division had noted that a scope-of-authority issue (regarding the extent to which Petitioner had granted his brother the authority to consent to a search) had not been fully explored during the suppression hearing. (*Compare* Dkt. No. 27, at 1 [Pet.'s Obj.] *with* Dkt. No. 26, at 17-18 [Report-Recommendation].) Simply stated, the Court finds that revisiting Petitioner's arguments in this Decision and Order would both waste judicial resources and frustrate the purpose of the Federal Magistrates Act of 1968.

In any event, even if the Court were to subject the entirety of the Report-Recommendation to a de novo review, the Court would find that Magistrate Judge Stewart employed the proper legal standards, accurately recited the facts, and correctly applied the law to those facts for the reasons stated in both the Report-Recommendation and Respondent's Response to Petitioner's Objections. (*See generally* Dkt. No. 26, at 3-39 [Report-Recommendation]; Dkt. No. 30, at 5-7 [Respondent's Response].) For each of these two alternative reasons, the Court accepts and adopts the Report-Recommendation in its entirety.

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Stewart's Report-Recommendation (Dkt. No. 26) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that the Petition (Dkt. No. 1) is **DENIED** and **DISMISSED**; and it is

further

      **ORDERED** that a certificate of appealability not issue with respect to any of the claims

set forth in the Petition, because Petitioner has not made a "substantial showing of the denial of a

constitutional right" pursuant to 28 U.S.C. § 2253(c)(2).

Dated:  March 21, 2024
       Syracuse, New York

Glenn T. Suddaby
U.S. District Judge